* Sewall, J.
If this had been an order of the Ses- [ * 324 ] sions, it would undoubtedly have been bad for its uncer;ainty and generality; but I think that the warning of William White prevented his acquiring a settlement in Newton; and the wife and child could have no settlement separate from him. On the •vhole, I am for entering judgment upon the verdict.
Sedgwick, J.
This action is brought to recover the amount of expenses incurred by the plaintiffs in the support and maintenance of two paupers. The jury have given a verdict in favor of the plaintiffs, and we are now moved to set aside this verdict, and grant a new trial, on the ground of the insufficiency of a certain process purporting a warning of the husband and father of these paupers from the town of Newton. If that warning was legal and sufficient, the verdict is to stand. It is presumable that Lucy was one of the family of William White at the time he was warned, and if so, the case shows nothing from which her separate settlement can be presumed. Unquestionably this warning was sufficient as it related to ■ William White, to prevent his gaining a settlement; and as his wife and daughter must derive their settlement from him, it would have been nugatory and absurd to warn them. They could not remove without him, nor tarry behind, if he removed. The warning appears to me sufficient to prevent William White, and as a necessary consequence, to prevent his wife and child from gaining a settlement; and as this is the only ground of objection to the verdict, I am in favor of entering judgment upon it (3).
Parsons, C. J., concurred.
Parker, J., was not in Court when this opinion was given.

Judgment according to verdict.

 [Somerset vs. Dighton, 12 Mass. 383.—Ed.]