Curia.

It is unnecessary to consider the construction and effect of the act for incorporating the town of Hamilton, as it appears, from the facts stated by the parties in this case, that the pauper’s father acquired a new settlement after leaving Ipswich. He resided in Barnstable from 1765 to 1779. This gave him a settlement there, unless duly warned to depart, in the manner prescribed by the provincial act of 4 Will. Mar. c. 13. By a subsequent act, , (12 and 13 Will. 3, c. 10,) the time within which the warning was to be given, was extended to twelve months ; but the law was not in other respects altered.
By the first-mentioned law, it was required that the names of the persons warned, the time of their abode in the place, and the time when the warning was given, should be returned *to the Court of Sessions. The warning given, in this [ * 509 J case, to Thomas Lamson and his family does not specify the length of time that they had resided in Barnstable. There is no intimation of the time, neither in the warrant of the selectmen, in the return of the constable, nor in the record of the Court of Sessions. The town of Barnstable could not, by this irregular and defective proceeding, avoid the effect of Lamson’s residence with them for fourteen years.
This necessity, imposed by the act, of specifying the time of the pauper’s residence in the town before he was warned to depart, might prove a very salutary check on the carelessness or fraud of ■the officers concerned. It might be supposed that they would not undertake to warn any person who had resided among them more than twelve months, if required to state in the warrant or the return how long the person had been there; and that they would not venture to misrepresent that fact, whilst it was recent, and probably within the knowledge of many people, who would be present when the return should be made. The proceeding being entirely ex parte, these precautions might be deemed important. But whatever was the motive of the legislature, the rule established is precise and ah solute, and the Court as well as the parties are bound by it.
*496 In the case of Shirley vs. Watertown, (1) which was referred to b.y Mr. Dane in reply to this point suggested at the argument, the Court did not undertake to dispense with any of the provisions of the statute. They decided that a legal warning given to the father, by which he was prevented from gaining a settlement, would prevent his wife and daughter, then in his family, from gaining a settlement by still continuing with him.
As Thomas Lamson was not regularly warned from the town of Barnstable, and as the pauper in question has no other settlement than what she derives from her father, the defendants are discharged from all liability for her support. According to the agreement of the parties, the plaintiffs must be called.

Plaintiffs nonsuit.

ADDITIONAL NOTE.
[See Abington vs. North Bridgewater, 23 Pick. 170. — Middleborough vs. Plympton, 19 Pick. 489. — Franklin vs. Dedham, 18 Pick. 544. — Meredith vs Exeter, 8 N. H. 136. — Milford vs. Milton, 8 N. H. 420. — Jeffrey vs. Mount Vernon, 8 N. H. 436. — Coventry vs. Boscawen, 9 N. H. 227. — Townsend vs. Athens, 1 Verm. 284. — Shrewsbury vs. Mount, &c. 2 Verm. 220. — New Haven vs. Vergennes, 3 Verm. 89. — Reading vs. Weathersfield, 3 Verm. 349.— Wheelock vs. Lyndon, 6 Verm. 524. — F. H.]

 3 Mass. Rep. 322.