## The Inhabitants of FRANKLIN *versus* The Inhabitants of DEDHAM.

If, in order to show that a person was prevented from gaining a settlement in a town, by being warned to leave within one year after he came to reside there, pursuant to *St.* 4 *W. & M. c.* 13, and *St.* 12 & 13 *Will.* 3, *c.* 10, it be proved merely, that such a warrant was issued, served and returned to the Court of Sessions, it cannot be presumed, in the absence of all other evidence upon the subject, that the return on such warrant certified that he was warned within one year after he came to reside in such town, although the first mentioned statute required, in such case, that the time of the abode of the person warned, in the town, and when the warning was given, should be returned.

THIS was an action to recover compensation for the support of Eunice Allen, whose legal settlement was alleged to be in the town of Dedham.

At the trial, before *Putnam* J., it was admitted that the pauper derived her legal settlement from her grandfather, Daniel Haven; and it appeared, that he was taxed in Dedham for his poll in 1762, and that he afterwards lived in that town for many years, and until his death. There was no other evidence as to the time when he came to reside in Dedham.

The defence set up was, that Daniel Haven was duly and legally warned to depart from Dedham within one year from the time when he came to reside there.

The defendants proposed to prove, from the records of that town, " that, on the 17th day of January, 1763, a warrant was issued for the warning of Daniel Haven and Hannah, his wife, and a negro woman, named Lettis, and John Fisher, to depart from the town, and that the warrant was given to Jeremiah Bacon, and that, on the 28th day of March of that year, an order was granted to Jeremiah Bacon, late constable, for 7s. 8d., for warning sundry persons to depart this town." It did not appear from such records, that any other warrant was delivered to Bacon to warn out other persons in the years 1762 and 1763, when he served as constable.

It was certified by the clerk of the courts in the county of Suffolk, that on a careful examination, the warrant in question could not be found; that no warrants for the warning out of any persons from the towns in the county of Suffolk, of which

the county of Norfolk then formed a part, could be found on the files or among the papers for the years 1762 and 1763 ; and that the files and papers for those years were in great disorder.

This evidence, which was all that the defendants proposed to offer, was rejected ; and a verdict was taken for the plaintiffs, by consent.

If the Court should be of opinion, that this evidence was legally admissible, and that the jury would have been warranted thereupon, in presuming that the warning out of Daniel Haven was legal, then the verdict was to be set aside and a new trial granted ; otherwise judgment was to be rendered according to the verdict.

The case was argued in writing.

*Richardson*, for the defendants, said that by the law as it stood in 1762 and 1763, any person residing in a town for the space of one year, not having been warned to depart the same according to law, thereby gained a legal settlement in such town ; and that to make such warning out legal, a warrant must have been issued by the selectmen, directed to a constable of the town, or some other person, and it should appear on the warrant or on the return, how long the person warned out had resided in the town and when he was warned to depart, and it should also appear, that the warrant was duly returned into the office of the clerk of the court of General Sessions of the Peace for the county ; *Hamilton* v. *Ipswich*, 10 Mass. R. 506 ; and that the evidence offered was sufficient to substantiate these facts. *Rex* v. *Haslingfield*, 2 Maule & Selw. 558 ; *Williams* v. *East India Co.*, 3 East, 191.

*Metcalf* for the plaintiffs, cited *Rex* v. *Haslingfield*, 2 Maule & Selw. 558 ; 3 Stark. on Evid. 1250 *et seq.* ; *Sutton* v. *Uxbridge*, 2 Pick. 436.

SHAW C. J. drew up the opinion of the Court. To enable the plaintiffs to recover, they must prove that the pauper had a derivative settlement in Dedham. This they propose to do, by proving the settlement there of her grandfather, Daniel Haven. It is conceded, that if he ever gained a settlement there, it was transmitted to the pauper, his granddaughter, she never having acquired any settlement in her own right or otherwise.

It appears from the report, that Daniel Haven resided more than one year in Dedham prior to April 10th, 1767, namely, from the spring of 1762 for many years, and until his death. By the laws then in force, he thereby acquired a settlement, unless he was duly and legally warned out, within one year from his coming to reside there, pursuant to the provincial acts of 4 *W. & M. c.* 13, and 12 & 13 Will. 3, *c.* 10.

The residence for one year prior to April 1767, is *primâ facie* evidence to fix the settlement of Daniel Haven, and must stand as full proof, unless it is shown by the defendants, that he was warned out within one year from the commencement of that residence. It is contended, that in the absence of the warrant and return, and on the evidence of the disorder of the files, to account for that absence, the evidence from the town records, of the issuing of a warrant, of its delivery to a constable and the allowance of fees to the same officer, soon after, for warning out sundry persons, there being no proof of any other warrant delivered to him, is evidence from which a jury might infer that a warrant was duly issued, served and returned, and in due and legal form. Were this fully conceded, it would fall short of establishing the defendants' case. The burden of proof is upon the defendants, to show, that the pauper was warned within one year after he came to reside, &c. This last is a separate and independent fact, upon the proof of which the whole efficacy of the warning depends. The statute required, that the names of the persons warned, the time of their abode in the place, and the time when the warning was given, should be returned to the Court of Sessions. Such fact being stated in a return made pursuant to the statute, would have been *primâ facie* evidence of the fact. But does the proof, that a warrant was duly issued and served, and returned by a ministerial officer, raise a presumption, that the return certified the truth of a particular fact, which he was bound to inquire into and to certify according to the truth, of which there is now no proof *aliunde*, and which he not only could not return, but which it would have been a breach of his duty to return, if on inquiry he found it not true in fact? Had this fact never been proved by other evidence, perhaps it would avail the defendants, either as substantive proof of the fact necessary to his case,

or as raising the presumption, that it would be found in the officer's missing return, if it should be held that such return is the only proper evidence. But the evidence, that the pauper was first taxed in May, 1762, only proves affirmatively, that he was then resident there, not that he had not been resident there even for years previous. The evidence offered tends to show, that the warrant was issued on the 17th of January, 1763, and was served before the 28th of March of the same year. The pauper might have been residing there in May, 1761, without being taxed, or he might have come to reside soon after May, 1761, so that more than a year might have elapsed before the date of the warrant, January 17th, 1763. The warrant, therefore, may have been rightfully issued, served and returned, without affording any presumption, that it certified the particular fact, that the pauper came to reside there within a year preceding. The officer would have done his duty, by making his return conformable to the truth.

The argument then must depend upon this, that it is not to be presumed, that the selectmen would issue their warrant for this purpose, unless it was within the year. But this would be carrying presumption very far. Residence or domicil is often an extremely difficult question of fact, depending on a combination of circumstances. A man may come to reside in a town for a mere temporary purpose, as a laborer, afterwards bring some of his family, afterwards others, and at last take a house, or become a boarder. The commencement of such residence it would be difficult to settle. The selectmen, in the course of their municipal year, find a new name on the tax list; they issue their warrant to the proper officer, to give the statute warning *valeat quantum*. If seasonable, which will be determined by his return, it will avail the town in case of need; if otherwise, no inconvenience arises from it, except the trifling cost of the service. That considerable time was deemed necessary to enable selectmen to discover who had come to "sojourn and dwell" in their towns, and take the necessary measures, is shown by the second of the provincial statutes cited above, which enlarges the time from three months to twelve. *Hamilton* v. *Ipswich*, 10 Mass. R. 506; *Sutton* v. *Uxbridge*, 2 Pick. 436. The reasoning in the last cited

Franklin
v.
Dedham.

case is precisely applicable to the present, and is decisive. But supposing that the present case should be considered as carrying the proof somewhat further, by showing from the town records, the issuing of a warrant and the payment of fees for its service, supposing it presumed from these facts, that the warrant was rightly served and returned, it would afford no presumption of the return of a fact, of which there is no other proof or presumption, and which is essential to the defendant's case, to wit, that Haven came to sojourn and dwell in the town, within twelve months next preceding.

*Judgment on the verdict for the plaintiffs.*