EDGAR HUDLER, Appellant, v. WILLIAM GOLDEN, Respondent.

*Action will not lie to recover Personal Property taken for Tax, when.*

An action for the recovery of personal property subject to execution cannot be maintained where it is taken by the proper officer in virtue of a warrant issued for the collection of a tax, assessment, or fine, pursuant to a statute of the State. It is otherwise, however, when it is apparent on the face of the warrant that it was issued without jurisdiction.

APPEAL from the Supreme Court.—The action was in the nature of replevin, for the recovery of lumber taken under a tax warrant against the Plaintiff, issued by the trustees of the village of Rondout. The defence was, that the warrant was for expenses incurred by the village authorities in curbing and guttering the Plaintiff's sidewalk, on his neglect to comply with their requirement; and that it was unauthorized by the statute under which the trustees acted, inasmuch as the requisition did not embrace *flagging* the walk as well as curbing and guttering it. The cause was tried before Mr. Justice Gould, who rejected proof of the warrant, on the ground that it was void on its face. The Plaintiff accordingly recovered; but the judgment was reversed at the General Term in the Third District, and a new trial was ordered with the concurrence of the judge before whom the cause was heard at the Circuit. The Plaintiff appealed to this Court, and stipulated that judgment absolute should be rendered for the Defendant, if the order of the Court below should be affirmed.

*M. Schoomaker* for Appellant.
*Lawton & Stebbins* for Respondent.

PORTER, J.—An action cannot be maintained for the recovery of personal property subject to execution, where it is taken by the proper officer in virtue of a warrant issued for the collection of tax, assessment, or fine, pursuant to a statute of the State (3 R. S. 5th ed. 845, § 4; Code, § 207, subd. 4; The People v. The

Albany Common Pleas, 7 Wend. 485). It is otherwise when it is apparent on the face of the warrant that it was issued without jurisdiction (Wright *v.* Briggs, 2 Hill, 77). It was held in the Court below that no such defect was apparent on the face of the warrant in question; and in that opinion we concur.

It is claimed by the Appellant that the statute under which the trustees acted authorized no compulsory proceedings against the owner, where the work directed consists only of curbing and guttering his sidewalk, in accordance with the established grade; and that if otherwise, the mode of proceeding by warrant is provided for only in the case of flagging, as contradistinguished from curbing and guttering (1 Laws of 1857, 243, § 5). The section is inartificially drawn, but it empowers the trustees to *require* the owner to incur the expense of work of either kind; and this plainly imports compulsory authority (Stief *v.* Hart, 1 Comstock, 20; Williams *v.* Amory, 14 Mass. 27). It prescribes a mode of enforcement appropriate to the desired end, and there is no good reason to suppose that any other was contemplated as applicable to either of the classes of work for which it provides. The word "flagging" seems to have been used in one portion of the section in its strict sense, and in another as a generic description of work of either kind. No penalty is imposed on the owner, but a remedial process is provided, for the purpose of securing simple indemnity for expenditures lawfully made for his benefit. The statute, therefore, is to be construed liberally, with a view to the beneficial ends proposed; and the application of this rule would be fatal to the Plaintiff's claim in any conceivable aspect (Weed *v.* Tucker, 19 N. Y. 433; Holmes *v.* Carley, 31 id. 290; Watervliet Turnpike Co. *v.* McKean, 6 Hill, 616). This is the view adopted by the Supreme Court, in an action of trespass subsequently brought by the Appellant against the collector and trustees jointly; and it is sustained with great clearness and force, in the able opinion delivered on that occasion by Mr. Justice Hogeboom. It is sufficient, however, for the purposes of the present case to say, that the form of the warrant was such as to afford complete protection to the officer charged with the duty

of collection (Chegaray v. Jenkins, 1 Selden, 376; Sheldon v. Van Buskirk, 2 Comstock, 473).

The order of the Supreme Court should be affirmed, with judgment absolute for the Defendant.

All the judges concurred, WRIGHT, J., and DAVIES, Ch.J., not voting.

Judgment accordingly.

<div align="right">

JOEL TIFFANY,
State Reporter.