S. HATCH GOULD AND OTHERS, AS THE BOARD OF HEALTH OF THE TOWN OF BRIGHTON, APPELLANTS, *v.* THE CITY OF ROCHESTER, RESPONDENT.

*Boards of health in towns — power of, to make orders and regulations affecting nuisances — they cannot compel affirmative action beyond the town limits — all orders and regulations must be served within the town limits — power of the board to maintain actions to restrain violations of its regulations—1850, chap. 324; 1881, chap. 431, sec. 2; 1882, chap. 351, secs. 2 and 4.*

A large portion of the sewage of the city of Rochester is discharged within the limits of the city into a creek, which flows into and through the adjacent town of Brighton into Irondequoit bay. The waters in the creek are naturally pure and wholesome, but by reason of the discharge of the said sewage they have become filthy and unwholesome, emitting foul and unwholesome odors and being dangerous to the public health of the town. The board of health of the town adopted a resolution forbidding any person or corporation from discharging any sewage into any of the streams crossing the said town under a penalty of $100, and another which declared the discharge of the sewage into the creek at the outlet of the sewers to be a nuisance, and its suppression and removal to be necessary for the preservation of the public health, and ordered that the said nuisances be suppressed under a penalty of $100, and that the board prosecute any person or corporation who should violate the regulations and restrain him or it from so doing.

Copies of the resolutions having been served upon the city of Rochester and posted as required by the resolutions, this action was brought by the board to restrain the defendant from violating the said regulations, and to suppress the nuisance created by its acts.

*Held,* that the board of health could only maintain actions to restrain the violation of regulations and orders which had been duly passed by it and duly served as required by law upon the offending party.

That as the defendant in this action, the city of Rochester, was not within the territorial limits of the town of Brighton, no jurisdiction over it could be acquired by any proceedings which the plaintiffs, as a board of health, were permitted to take with a view to the relief in question.

That the service of the order upon the defendant in this case was not within the statutory power of the plaintiffs, and that the defendant could not be treated as disobeying or violating any order of the plaintiffs for the purposes of any remedy founded upon it.

APPEAL by the plaintiffs from a judgment of dismissal of the complaint, entered on a decision made at the Monroe Special Term.

The action was brought to restrain the continuance, by the defend-

ant, of an alleged nuisance affecting the public health in the town of Brighton, and for damages occasioned by it.

*Walter S. Hubbell*, for the appellants.

*J. N. Beckley*, for the respondent.

BRADLEY, J.:

The plaintiffs constitute the board of health of the town of Brighton, in the county of Monroe. This town adjoins the city of Rochester on the northerly and easterly sides of the latter. A large part of the city is drained by sewers having their outlet near the head of Thomas creek, and known as the Monroe avenue outlet. And from there is an artificial drain leading to the creek within the city, by which the contents of those sewers are conducted into it. Another considerable portion of the city is drained by a system of sewers having what is known as the East avenue outlet which discharges the sewage at Culver street, which is the line between the city and the town of Brighton, and from there by means of an artificially constructed ditch the sewage is conducted to Thomas creek. This ditch is wholly within the town of Brighton. The creek rises in the south-easterly portion of the city and flows thence into and through the town of Brighton into Irondequoit bay. The creek is largely supplied by springs and in its natural condition the water of it is pure and wholesome. But by the constant flow of sewage in this ditch to the creek, thence down it through the town, deposits are made on and along its banks the waters of the creek are polluted, are filthy and unwholesome, causing the emission of foul and unwholesome odors, and as a consequence this condition has become dangerous to the public health in the town. The circumstances seem to be such as to make relief important if not actually a necessity for the protection of the health of the inhabitants in that locality. And the question arises, whether the remedy sought by this action is within those cases which the plaintiffs may apply for relief. Their powers are those only conferred by statute.

The creation of boards of health for towns, was provided for by Laws of 1850, chapter 324, which was entitled " An act for the preservation of the public health." No right of action was then given

to them, but later to facilitate their proceedings they were permitted to maintain actions. (Laws of 1870, chap. 559.)

In respect to the powers they may exercise, the statute provides that " they shall have cognizance of the causes of injury or danger to the public health" (Laws 1881, chap. 431, § 2), "to receive and examine into the nature of complaints made by any of the inhabitants concerning causes of danger or injury to the public health within the limits of its jurisdiction" (Id., § 4); * * * "to make orders and regulations in their discretion concerning the suppression and removal of nuisances, and all such other orders and regulations as they shall think necessary and proper for the preservation of the public health; also, to enter upon or within any place or premises where conditions dangerous to the public health, are known or believed to exist, and by appointed members or persons, to inspect and examine the same for the protection of life and health and for no other purpose, and all owners, agents and occupants shall permit and facilitate such sanitary examinations, etc., * * * to publish from time to time all such orders and regulations of general obligation as they shall have made, in such manner as to secure early and full publicity thereto, and to make, without publication thereof, such orders and regulations in special or individual cases not of general application as they may see fit concerning the suppression and removal of nuisances, and concerning all other matters in their judgment detrimental to the public health, and to serve copies thereof upon any occupant or occupants of any premises whereon any such nuisances or other matters aforesaid shall exist, or by posting the same in some conspicuous place on such premises, * * * to impose penalties for the violation of or non-compliance with their orders and regulations, and to maintain actions in any court of competent jurisdiction, to collect such penalties not exceeding one hundred dollars in any one case, *or to restrain by injunction such violaitons, or otherwise to enforce such orders and regulations.*" (Laws of 1882, chap. 351, § 1, subs. 3, 6, 9.) And it is further provided that " every person who shall willfully violate or refuse to obey any order or regulation so made and published, or any order so made and served or posted as aforesaid, shall be deemed guilty of a misdemeanor * * * and in any case of non-compliance with any order or regulation which shall have been so served or posted * * * the

said board * * * may lawfully enter upon any premises to which such order or regulation relates and suppress or remove the nuisance or other matters in the judgment of said board detrimental to the public health mentioned in such order or regulation, and any other nuisance or matter of the description aforesaid found there existing." (Id., § 4.) These embrace all the provisions of the statute requiring consideration here, and all that seem to be necessary to aid in their construction and purpose as applicable to the boards of health of towns.

Assuming to proceed pursuant to the statute the board of health of the town of Brighton adopted a resolution "that no person or corporation discharge or empty upon or cause to be flowed upon or to be discharged or emptied upon any of the lands or into any of the streams crossing in the town of Brighton, the contents of any privy, water-closet or urinal. That a penalty of one hundred dollars, be and the same is hereby imposed upon any person or corporation who violates this regulation, that a copy of this regulation be served upon the city of Rochester, and that three copies thereof be posted in three conspicuous places in the town of Brighton." The serving and posting were done as directed by the resolution. And the board of health adopted another resolution or order to the effect that the discharge of sewage from the Monroe avenue, and from the East avenue sewer into the town of Brighton, the sewage from both of which ultimately flows into Thomas creek, are nuisances; that the suppression and removal of said nuisances are necessary for the preservation of the public health; that it is ordered that each of them be suppressed, and that a penalty of $100 is imposed upon any person or corporation violating this regulation, and that this board prosecute any person or corporation who violates it, or commence an action in the name of the board to recover the penalty, or to suppress or restrain each of said nuisances, or otherwise enforce this regulation, and that a copy of it be served on the city of Rochester. Such service was made. And the flow of sewage, as before, has continued without relief from the cause of complaint. This action was afterwards brought.

The purpose of the statutory powers in question was the protection of the public health. The statute is therefore remedial in character

and entitled to a liberal construction with a view to the beneficial results designed. (*Hudler* v. *Golden*, 36 N. Y., 446.) There is no right of one so to use his property as unnecessarily to injure the property or rights of another. And the same rule applies with equal force to the right of protection of the health of one community against the unnecessary consequences endangering it, which come from the action of the people of another and adjacent community of persons. The question is one of remedy simply. The foundation of the right of action in the plaintiffs is the provision of the statute giving them power to make orders and regulations for the purpose of interfering, removing, suppressing or restraining whatever may be deemed necessary to relieve the public within their town from danger to the public health, and for its protection and preservation from causes which may be so removed, suppressed or restrained. Their powers and jurisdiction are of course confined to the protection from those consequences in their town. And it is hardly to be supposed that the board has been given the power to go beyond the limits of its town to summarily remove or suppress the causes from which nuisances complained of proceed. The evident legislative intent was to confer jurisdiction upon the boards of health to control or regulate the use of property and premises in their respective towns when the public health required, and to thus confine their summary action in respect to properties. But the same reason does not necessarily apply to an action to restrain or require the suppression of a nuisance in the town, although it spring from or is occasioned outside its limits. The nuisance, with its effect upon the public health, is in the town and within the protectorial care and the territorial supervision of its board of health. It may make orders for the suppression and removal of nuisances and such as they think necessary for the preservation of the public health, and concerning all matters in their judgment detrimental to the public health, and maintain actions to restrain by injunction violations of its orders and regulations. Those made in this case were to suppress and remove the nuisances occasioned by the flowage of the two sewers before mentioned. We think the plaintiffs could not make an order effectual to permit them to go upon the territory of the city and remove a nuisance, or the cause of a nuisance there, although such nuisance

was continued into their town, or because such causes developed into a nuisance on reaching the boundaries between the two municipalities. And it is only to that extent that the decision in *Regina* v. *Cotton* (1 Ellis & Ellis, 203) is applicable. The right of action for penalties under the statute in question depends upon the violation of or non-compliance with an order or regulation of the board, and to produce such violation or non-compliance, those of "general obligation" must be so published as to secure early and full publicity; and in other or special cases they must be served upon the occupant of the premises where any such nuisance shall exist, or by posting them in some conspicuous place on such premises. The premises in view, by the provisions of the statute, would seem to be those within the town. The inquiry arises: First. Whether to restrain by action the violation of an order or regulation of the board of health, it is necessary that the order or regulation be first served upon the party who is thus to be restrained; and if so, second. Whether the statute can be so construed as to provide for or permit the service of such order outside the limits of the town upon a party who does not reside, and never has resided or been, in the town. This is the situation of the defendant. The action is not founded upon the violation of an order or regulation, but upon the non-compliance with one which in terms required of the defendant an affirmative act by way of suppression of a nuisance in the town which had been caused by a consummated act of the defendant before the order for suppression was made. The action is one to compel the defendant to abate it, because its continuance is in violation of such order of the plaintiffs. The right of action rests upon the fact that its continuance is in violation of their order, and because of the non-compliance of the defendant with it. It seems to us that the statute contemplates that this remedy by action shall be dependent upon previous notice to the party, and that until then the right of action does not arise, and that the difficulty in this case is in this limitation upon the right to resort to an action for relief. The service provided for is that it be made upon the occupant of the premises where the nuisance exists. But for those qualifications of the powers and their exercise there might, perhaps, be no difficulty in the way of the maintenance of the action in view of the purpose of the act as expressed in the title. They, however,

tend to show that so far as any affirmative act can be required by way of compliance with an order the jurisdiction of the board embraces only parties who are within the town, and such is the construction which the language of the statute in that respect seems to require.

The right of action follows the right to make orders and regulations and is given that they may be made effectual. It would seem that the board of health had the right of action to restrain the violation of any order or regulation legitimately made by it. Such is the evident purpose of the statute in giving the remedy by action. The violation of such an order would necessarily require the performance of some act in the town because its operation could not reach beyond its boundaries. And any party who by any agency employed to proceed to violate such order would be subject to the remedy by action in behalf of the board to restrain. And the order or regulation having become effectual by the requisite service or publication no notice specially to the party whose violation of it is apprehended would be necessary to support such action. And there is no apparent reason why this rule and right of remedy would not be applicable as against an adjacent municipal corporation, as well as against an individual who should, by himself or by another, attempt some affirmative act in violation of such an order. But here the complaint is founded upon an omission to act. The order made by the board in effect directs the abatement or suppression of an existing nuisance, the compliance with which requires some affirmative act on the part of the defendant, and to accomplish that is the purpose of the action. The city has made a system of sewage and provided an outlet. The flowage from the outlet, the board of health, by the terms of its order and in effect, direct the defendant to suppress and discontinue. It is, therefore, mandatory in character and designed to be operative upon the defendant beyond the limits of the town.

The question arises whether such an order is within the powers of the board. If it is the remedy by action would seem to follow. It is quite evident that the statute does not permit the operation of an order or regulation beyond the boundaries of the town or upon any party beyond its limits. The relief in view by this action rests upon non-compliance by the defendant with the order of the board of health. It seems to us that the statute contemplates that the

remedy by action in such case shall be dependent upon previous notice to the party, and that until then the right of action does not arise. The service provided for is that it be made upon the occupant of the premises where the nuisance exists. The statutory limitations and qualifications of the powers of the board and of the manner of service, seem to deny the right to make service of an order outside the town, so as to make it effectual upon a party not within it. This is the situation of the defendant.

There is no charge that it designs to do any act within the town of Brighton, but that it is in disobedience of an order requiring it to discontinue the wrong which is being done by means of an act accomplished before the order was made.

In *Reed* v. *The People* (1 Park. Cr. R., 481), the plaintiff in error was by indictment charged with a misdemeanor for violation of a regulation of the board of health of the village of Albion, made pursuant to the Laws of 1850 (chap. 324). He had previously resided in the village, but shortly before the adoption of the regulation he removed from there and became a resident outside of and only a short distance from the limits of the village. And the order or regulation was then served upon him and it had relation to premises within the village owned by him and which he had previously to his removal occupied. The case came before the General Term of the Seventh Judicial District on writ of error to review the judgment of conviction of the Orleans sessions. The court there held that the refusal of the trial court to charge that if the defendant at the time of the making and serving the order resided out of the corporation of the village of Albion, and the notice or order was served on him out of said corporation, they should acquit the defendant was error, and added " that persons residing out of such corporate bounds may render themselves obnoxious to the by-laws and regulations of the corporation by coming within and while there violating them," but denied "the right of such a corporation to make by-laws or regulations binding personally upon an individual not residing within its geographical bounds and who has done no act within them after the making of the by-law  *  *  *   that it clearly could possess no more extensive jurisdiction in regard to persons or territorial limits, than the corporation of the village of Albion, by whose action it was brought into existence."

So far as relates to the power of the board of health of the town of Brighton to bring a party into violation of its order or regulation for the purposes of a right of action, the conclusion of the court in the Reed case, as expressed in the opinion delivered, is applicable, and in that respect there seems nothing to substantially distinguish the statute of 1850 from the subsequent amendatory acts. And in the view taken of the statute the same rule is applicable to afford the right to enforce compliance with an order of the board, which is the purpose of this action. While in that case the party was charged with crime, the right of the board to maintain a civil action under the statute depends no less upon the force of the order upon the party defendant than to support an indictment, except that the latter requires that the violation be willful. But it is said that the defendant is deemed engaged in the act of creating the nuisance so long as it continues and, therefore, is proceeding in violation of the order of the board. It is true that for the purpose of remedy and relief, every continuance of a nuisance is deemed a fresh one. But in fact the defendant is doing and proposes to do no affirmative act to create or continue the nuisance. Its continuance is occasioned by structures within the city which it constructed. The relief asked for requires action and not non-action on the part of the defendant. And the question still remains whether it can be put into disobedience by an order of the plaintiffs so as to permit an action for relief in the nature of a mandatory injunction, although theoretically to restrain the continuance of a nuisance. The question is one of jurisdiction of the board of health to reach by operation of its order a party beyond the bounds of its municipality so as to require of him some affirmative action. We are unable to give to the statute a construction which permits the exercise of such power. And however important it is to the town represented by the plaintiffs that it should have relief, the statutory qualification of the powers given, whether deemed wise or not, must be observed.

The conclusion here is upon the ground that no jurisdiction of the party defendant could be acquired by any proceedings which the plaintiffs as a board of health were permitted to take with a view to the relief in question — that the service of the order upon defendant was not within the statutory power of the plaintiffs and

therefore the defendant cannot be treated as in disobedience or violation of the order for the purposes of any remedy founded upon it.

These views lead to the conclusion that the judgment should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment affirmed, with costs.