In the Matter of the GLOBE MUTUAL BENEFIT ASSOCIATION.

A corporation organized under the act of 1883 (Chap. 175, Laws of 1883), providing for the incorporation of co-operative life and casualty insurance companies, has no power to receive, as members, infants of such tender years that they are unable to exercise any choice in becoming members or to exercise the powers with which members are invested under the act.

*It seems* that the act simply provides for the voluntary association of persons capable of acting in the administration of the affairs of the corporation and of appointing beneficiaries; as, therefore, the law fixes an arbitrary period when persons become clothed with general legal capacity, only persons of full age may become members.

Reported below, 63 Hun, 263.

(Argued June 8, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 4, 1892, which affirmed an order of Special Term, restraining the Globe Mutual Benefit Association from continuing to transact business so far as the insurance of minors is concerned.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Charles F. Ayling* for appellant. A person becoming a member of this association incurs no liability and undertakes the performance of no duty. (*McDonald* v. *Lewis*, 29 Hun, 87; *Palmer* v. *P. Ins. Co.*, 84 N. Y. 63; *Elkhart* v. *Houghton*, 98 Ind. 149.) Where neither statute, by-laws or

certificate imposes any liability or duty upon persons becoming members of such associations, certificates of membership may be lawfully issued to minors. (*C. M. L. Ins. Co.* v. *Hunt*, 127 Ill. 257; 1 Parsons on Cont. 332.) The business of insuring the lives of minors against death or accident is not unlawful. (*Grattan* v. *N. L. Ins. Co.*, 15 Hun, 74; *Mitchell* v. *Union*, 45 Me. 104; *Loomis* v. *Engle*, 6 Gray, 396; *Warnock* v. *Davis*, 104 U. S. 775.) The legislature intended by the act of 1883 to place companies incorporated under that act upon the same footing as other insurance companies. (Laws of 1883, chap. 175, § 1; *State* v. *M. Ins. Co.*, 72 Mo. 146; Laws of 1885, chap. 175.) The fact that the original incorporators of the appellant are required to be adults does not prevent infants from subsequently becoming members. (Field on Corp. § 69.) The fact that under the statute of 1883 a member of this corporation may designate his beneficiary, does not prevent an infant becoming such member. (Laws of 1883, chap. 175, § 5.)

*Simon W. Rosendale, Attorney-General*, for respondents. There is no law authorizing an infant to become a member of a co-operative or assessment life insurance company or to enter into a contract of membership or of insurance in such a company : and the attempt, on the part of the appellant, to admit infants to its membership, and to enter into contracts of insurance with them, was an unauthorized and an unlawful exercise of corporate power. (Laws of 1883, chap. 175; Tyler on Infancy, 42; *Bolton* v. *Bolton*, 73 Me. 299.) The members of a co-operative life and casualty insurance company organized under the act of 1883, are the corporators thereof, and an infant cannot be one of the corporators of a corporation. (*N. & E. R. R. Co.* v. *Coombe*, 3 Exch. 565.) The business of the appellant, which the order appealed from seeks to enjoin, was unlawful because in contravention of a sound public policy. As practiced by the appellant, it is but a species of gambling or the issuing of wager policies. (Bliss on Life Ins. §§ 21–31; Bacon on Ben. Soc. §§ 248–252.)

ANDREWS, J. The order from which this appeal is taken enjoins the defendant, a co-operative life and casualty insurance association organized under the act, chapter 175 of the Laws of 1883, entitled "An act to provide for the incorporation and regulation of co-operative or assessment life and casualty insurance associations and societies," from transacting the business of infantile insurance. The order proceeds on the ground that the insurance of infants is not within the powers of corporations organized under this statute and is inconsistent with the statutory scheme and the legislative intention.

The by-laws of the defendant provide that any persons between the ages of six months and seventy years, approved by the medical director, may become a member of the society. The applicant, if approved, is entitled to a certificate of membership, and on paying an entrance fee and a certain sum weekly during life, the company undertakes to pay at his death to a beneficiary designated by the member, or to the next of kin if no beneficiary is named, a certain sum called a benefit, provided there is a fund realized from voluntary donations, admission fees and dues collected, or which may be collected from members, out of which such payment can be made.

There are two classes of members, a life class and a casualty class, the distinction between which is for the present purpose of no importance. It appears from a schedule in the case that infants from one to four years of age have been admitted as members of the corporation, in whose name certificates of membership have been issued designating a beneficiary, insuring the infant named in a certain sum in one of the classes mentioned.

The first section of the act of 1883 authorizes any number of persons not less than nine, residents of the state, to associate themselves together to organize a corporation thereunder. The second section prescribes that the associates shall file in the office of the superintendent of the insurance department a declaration of their intention to form a company under

the act, containing several particulars specified, to be signed and acknowledged by each of the corporators. By the third section upon the completion of the organization, it is declared that "said corporators and those that may thereafter become associated with them or their successors, shall be constituted a body politic and corporate." The fourth section authorizes the making of by-laws. The fifth section declares that corporations organized under the act, issuing certificates payable on the decease of a member or upon his sickness or other physical disability, or to a beneficiary, from resources derived from voluntary donations or admission fees, dues or assessments collected from members, and whose payment is conditional upon means so realized, etc., shall be deemed to be engaged in the business of life or casualty insurance upon the co-operative or assessment plan and "shall be subject only to the provisions of the act." The sixteenth section provides for the holding of an annual meeting of the members or policy holders of the corporation, of which due notice shall be given, and requires that before the adoption of any by-law or amendment thereto, a copy shall be mailed to the members and directors of the corporation, with a notice of the time and place when and where the same will be considered. The eighteenth section authorizes a member to change the beneficiary with the consent of the corporation, and without the consent of the beneficiary.

The defendant was a co-operative association under the act, a continuing membership in which is made dependent on the member keeping up his dues. Each holder of a certificate is by virtue thereof a member and corporator in the association, and so remains until by nonpayment of dues his membership is forfeited. The statute contemplates a meeting of the associates in annual meeting, at which reports of receipts and expenditures are to be submitted, and the associates assembled at a meeting duly notified, are to consider and pass upon by-laws or amendments proposed for adoption.

It is plain that the powers conferred upon members cannot be exercised by children of tender years, such as have been

permitted to become members of the corporation defendant. The children insured by the defendant, whose ages are given in the schedule, were incapable of exercising any choice in becoming members, or of appointing a beneficiary, or of exercising the powers with which members are invested by the statute. They could take no part in the co-operative scheme upon which the corporation rests, and which implies the voluntary association of persons capable of acting in the administration of the affairs of the corporation. There is nothing in the statute which permits the inference that a child may be made a member of the corporation upon the application of the parent, or that a beneficiary may be designated or changed by any person except the member himself.

It has been held that where a statute authorizes persons to form a corporation, it is implied that they shall be persons of full age. (*Hamilton & Flamborough Road Co.* v. *Townsend*, 13 Ont. App. R. 534; 16 Am. & Eng. Corp. Cas. 645.) Infants admitted as members by the defendant became members of the corporation, if legally entitled to admission, and may be elected trustees or directors, and it might happen that management of the affairs of the corporation would become vested in persons who could not have organized it.

We place our assent to the judgment below on the ground that it appears from a consideration of the statute of 1883, and the nature and object of co-operative insurance companies, and the relation which members hold to the corporation, that adult persons only were contemplated as entitled to membership. The law fixes an arbitrary period when persons become clothed with general legal capacity, and while in many cases youths under twenty-one are capable of exercising an intelligent judgment and might properly be admitted to the advantage of membership in a company like that of the defendant, in many others they would be wholly unfitted to act as members of such an organization.

We think the order below is right and it should be affirmed.

All concur, except O'Brien and Maynard, JJ., not sitting.

Order affirmed.