THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* INDUSTRIAL BENEFIT ASSOCIATION, Respondent.

| 92 311 |
| 149a 606 |
| 92h     311 |
| 38 Mis¹104 |
| 92h     311 |
| 80 AD¹498 |

*Life assurance assessment company — it cannot insure the life of an infant by a yearly policy — plan of assessment insurance.*

It is a general rule in the construction of statutes that when a general intention is expressed, and also a particular intention, incompatible with the general intention, the particular intention is to be considered in the nature of an exception, and as operative.

The general provision of section 55 of the Insurance Law (Chap. 690 of the Laws of 1892), providing that a person liable for the support of a child of the age of one year and upward may take a yearly renewable term policy of insurance upon the life of such child, does not extend the scope of article 6 of the Insurance Law, which forbids a life insurance company, conducted upon the assessment plan, from issuing such a policy.

The right to issue such policies is given to corporations which are engaged in a general life insurance business.

The plan of life insurance, by assessment, proceeds upon the idea that only members of such an association can become its policyholders, and that these should be adults.

None of the provisions of the Insurance Law, continuing the existence of assessment companies, organized under chapter 175 of the Laws of 1883, justify an assessment life insurance company in insuring the life of an infant.

APPEAL by the plaintiff, The People of the State of New York, from an order and interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 16th day of February, 1895, upon the decision of the court rendered after a trial at the Onondaga Special Term sustaining the defendant's demurrer to the plaintiff's complaint.

The action was brought to restrain the defendant from issuing yearly renewable term policies of insurance upon the lives of infants.

The demurrer was interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

*T. E. Hancock, Attorney-General,* and *John W. Hogan,* for the appellant.

*Walter S. MacGregor,* for the respondent.

MERWIN, J. :

By the complaint it appears that the defendant is a domestic corporation, organized under and pursuant to chapter 175 of the Laws of 1883, and the several acts supplemental thereto and amendatory thereof, and that the business carried on by it has been and is life insurance upon the co-operative or assessment plan, under and pursuant to its articles of incorporation and by-laws ; that in its by-laws provision is made for the issuing of policies of insurance, in one branch to persons between seventeen and sixty years; in another to persons between one and seventy years of age, and in another to persons between the age of seventeen and eighty years, and it is pro vided that no other than yearly renewable term policies of insurance will be issued on the lives of persons under eighteen years of age, and then only upon application of the parent or guardian; that since the 12th day of September, 1894, the defendant has been and still is issuing yearly renewable term policies of insurance upon the

lives of infants of the age of one year and upward, and under the age of eighteen years, upon application made upon behalf of said infants by persons liable for their support, the application being in the following form : " I, the undersigned, being liable for the support of ——— ———, an infant, and for the purpose of protecting myself against such liability, do, on behalf of said infant, hereby apply for a yearly renewable term policy of insurance in the above association upon its life; and, for the purpose of securing such a policy in said association for said infant, make the following statements, to wit." Then came divers questions to be answered, and then a final statement in which was the following clause : " And in consideration of the issuance of the policy hereby applied for, I guarantee that said infant shall abide by all the conditions and agreements contained therein, and in the by-laws of said association as they now exist, or may be hereafter enacted ; provided that the failure to pay the premiums required by any policy issued hereon shall create no debt against said infant or its estate, but shall only operate to forfeit the policy." A form of the policies issued was annexed to the complaint.

The plaintiff alleges that the defendant, under its charter and the Insurance Law of the State, has no right to issue yearly renewable term policies on the lives of infants. The defendant claims it has a right to do so under section 55 of the Insurance Law (Chap. 690, Laws of 1892). Whether it has such right is the question involved in this appeal.

Under the act of 1883 (Chap. 175), the defendant had a right to carry on the business of insurance upon the co-operative or assessment plan, and section 5 of that act defined what should be deemed to be insurance upon that plan. An essential element of it was the issuance of a certificate or policy to, or an agreement with, its members for the payment of money or the rendering of a benefit " upon the decease of a member." So that, apparently, the lives of members only were to be insured, and members only could be policyholders.

In *Matter of Globe Mut. Ben. Assn.* (135 N. Y. 280) it was held that a corporation, organized under the act of 1883, had no power to receive infants as members, and an order was affirmed which restrained such a corporation from continuing to transact business

as far as the insurance of minors was concerned. That order proceeded, as the court said, " on the ground that the insurance of infants is not within the powers of corporations organized under this statute, and is inconsistent with the statutory scheme and the legislative intention. Adult persons only were contemplated as entitled to membership."

The act of 1883 was repealed by the Insurance Law, but it was provided by section 206 of that law, which is a part of article 6, relating to " life or casualty insurance corporations upon the co-operative or assessment plan," that any existing domestic corporation transacting insurance business on that plan " may continue to exercise all the rights, powers and privileges not inconsistent with this article, pursuant to its articles of association or incorporation, the same as if reincorporated under this article." And it was provided by section 292 that " the provisions of this chapter, so far as they are substantially the same as those of laws existing on September 30, 1892, shall be construed as a continuation of such laws, modified or amended, according to the language employed in this chapter, and not as new enactments, and shall be applicable to all corporations formed under laws repealed by this chapter." So that the life of the defendant was continued subject, however, to the Insurance Law, so far as applicable.

By the 1st section of article 6 above referred to, being section 200 of the Insurance Law, provision is made for the organization of corporations for the purpose of transacting the business of life or casualty insurance upon the co-operative or assessment plan. By section 201 it is provided as follows : " Any corporation, association or society which issues any certificate, policy or other evidence of interest to, or makes any promise or agreement with its members whereby, upon the decease of a member, any money or other benefit, charity, relief or aid is to be paid, provided or rendered by such corporation, association or society to his legal representatives, or to the beneficiary designated by him, which money, benefit, charity, relief or aid is derived from voluntary donations, or from admission fees, dues or assessments, or any of them, collected or to be collected from the members thereof, or members of a class therein, or interest or accretions thereon, or accumulations thereof, or rebates from amounts payable to beneficiaries or heirs ; and

wherein the money or other benefit, charity, relief or aid, so realized, is applied to or accumulated for the uses and purposes herein specified, or of such corporation, association or society, and the expenses of the management and prosecution of its business, shall be deemed to be engaged in the business of life insurance upon the co-operative or assessment plan, and shall be subject to the provisions of this article." It will be observed that by this section, like section 5 of the act of 1883, the business of life insurance upon the co-operative or assessment plan was confined to cases where policies or certificates were issued to, or agreements were made with, " members " of the corporation for the rendering of money or other benefit " upon the decease of a member."

By section 209 in the same article it is provided that every corporation or organization of this or any other State or country transacting the business of life insurance upon the co-operative or assessment plan, as defined in such article, shall be subject to all the provisions of such article, and not to the provisions of article 2. That article relates generally to life, health and casualty insurance corporations. In section 209 it is also provided that " all associations, societies, companies, corporations or organizations now transacting or hereafter desiring to transact the business of life or casualty insurance in this State upon any other plan than that defined in and by this article shall comply with all the provisions of the general life and health insurance laws."

By section 205 of the same article it is provided that any foreign corporation which is authorized by the law under which it is incorporated to issue contracts of insurance not authorized by this article shall not be authorized to transact any business authorized by this article within this State until it files with the Superintendent of Insurance an agreement duly executed by it that it " will not enter into or issue within the State of New York any contract of insurance, policy or agreement not authorized by this article."

It seems to be reasonably clear that, taking article 6 by itself, it must be deemed to have been the intention of the Legislature to limit the business of any corporation engaged in life insurance upon the co-operative or assessment plan to that business as defined by section 201. It is practically conceded that under article 6, standing alone, the business here in controversy could not be done. Sec-

tion 201 is, so far as this question is concerned, substantially like section 5 of the act of 1883, and the case cited from the Court of Appeals would apply. Does section 55 of the Insurance Law operate to enlarge the scope of the business of such corporations?

Section 55 is part of article 1 of the Insurance Law. That article is headed " General Provisions." That section, so far as it is important here, is as follows : " No policy of insurance shall be issued upon any property except upon the application and in the name of some person having an interest in the property. No policy or agreement for insurance shall be issued upon the life or health of another or against loss by disablement by accident except upon the application of the person insured ; but a wife may take a policy of insurance upon the life or health of her husband or against loss by his disablement by accident ; an employer may take out a policy of accident insurance covering his employees collectively for the benefit of such as may be injured, and a person liable for the support of a child of the age of one year and upward may take a yearly renewable term policy of insurance thereon, the amount payable under which may be made to increase with advancing age, and which shall not exceed the sums specified in the following table, the ages wherein specified being the age at time of death, and which, after the age of thirteen, may become an ordinary life policy for an amount not exceeding the sum specified in the table."

The defendant claims the benefit of the general provision that a person liable for the support of a child may take a yearly renewable term policy of insurance upon the life of such child. This is stated in the section as one of the exceptions to the general rule that no policy or agreement for insurance shall be issued except upon the application of the person insured. The whole section taken together applies more naturally to cases within the general life, health and accident insurance laws, and this may be said specially of the last clause, inasmuch as the yearly renewable term policy there mentioned may, in a contingency there specified, become an ordinary life policy, such as corporations engaged in the business of life insurance upon the co-operative or assessment plan have no right to issue.

Assuming, as I think we must, that by article 6 there was a manifest intention to limit that business (co-operative or assessment

insurance) to a particular method and scope, the general provisions of section 55, if applied to such corporations, would extend their scope, and so far would be inconsistent with and override the particular provisions of article 6. A case is, therefore, presented for the application of the general rule relative to the construction of statutes, that when a general intention is expressed, and also a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception. (*Hoey* v. *Gilroy*, 129 N. Y. 132, 138; Potter's Dwarris on Statutes, 273; Sedg. on Stat. Const. [2d ed.] 361; 23 Am. & Eng. Ency. of Law, 426; *Pretty* v. *Solly*, 26 Beav. 610.) In the case last cited it is said: "The rule is that, wherever there is a particular enactment and a general enactment in the same statute, and the latter, taken in its most comprehensive sense, would overrule the former, the particular enactment must be operative, and the general enactment must be taken to affect only the other parts of the statute to which it may properly apply." Applying this doctrine, the general provision in section 55 would not be deemed to extend the scope of article 6.

Besides, it would seem that the issuing of yearly renewable term policies was outside of any power given by article 6. The provision in section 55 does not confer the power to issue such policies; it simply provides that a person in a certain situation "may take" such a policy. The right to issue such policies must be given by some other statutory provision. Undoubtedly, corporations engaged in a general life insurance business have such authority. (3 Kent's Comm. 365; 1 Bacon on Ben. Soc. & Life Ins. § 167.)

We are of the opinion that under the allegations of the complaint, and the law applicable thereto, the defendant is not entitled to the benefit of the general provision in section 55, and that it has not the right to issue yearly renewable term policies of insurance upon the lives of infants.

The judgment, must, therefore, be reversed.

HARDIN, P. J., and MARTIN, J., concurred.

Interlocutory judgment reversed, with costs, and the demurrer overruled, with costs, with leave to defendant to answer in the usual time upon payment of the costs of the demurrer and of the appeal.