Rosa Weltman, Appellant, *v.* Adolph Posenecker, Respondent.

(Supreme Court, Appellate Term, March, 1897.)

Costs — Poor person not liable for, where recovery is less than $50.

> A plaintiff who has been allowed to sue in forma pauperis cannot be held liable for costs where his recovery in an action for personal injury is less than $50. Such a case is governed by the provisions of section 461 of the Code.

Weltman v. Posenecker, 18 Misc. Rep. 599, reversed.

Appeal by plaintiff from an order of the City Court, General Term, affirming the denial by the Special Term of a motion to set aside a taxation of costs.

M. Strassman, for appellant.

John Fennel, for respondent.

McAdam, J. The plaintiff brought an action to recover damages alleged to have been caused by the negligence of the defendant, and obtained a verdict October 19, 1896, for $25. The action was brought pursuant to an order duly made and entered whereby she was allowed to prosecute *in forma pauperis*. Code, § 461.

On October 20, 1896, the defendant served on the plaintiff's attorney a bill of costs and notice of taxation returnable October 21st. On the last-named day the parties appeared before the clerk, and the plaintiff objected to the taxation on the ground, among others, that as she was suing *in forma pauperis*, no costs could be taxed against her. The clerk overruled the objection, and taxed the defendant's costs at $68.87. The plaintiff thereupon made a motion in the nature of an appeal to set aside the taxation. The motion was denied, and the General Term having affirmed the order denying the motion, the plaintiff appeals to this court.

It is conceded that but for the order allowing the plaintiff to sue *in forma pauperis* the action of the clerk and of the court below was right; and the question is whether the fact that the plaintiff sues *in forma pauperis* changes the rule which otherwise obtains.

The Code (section 461) provides that "a person so admitted may prosecute his action without paying fees to any officer; and he shall not be prevented from prosecuting the same by reason of his

being liable for the costs of a former action brought by him against the same defendant. If judgment is rendered against him, or his complaint is dismissed, costs shall not be awarded against him."

The theory of the court below is that if a judgment had been rendered against the plaintiff, or her complaint had been dismissed, costs could not have been awarded against her; but because she got a verdict for $25, which does not carry costs (Code, § 3228), she is not entitled to the benefit of the special provisions of section 461, but comes within the general provision of section 3229, that where a plaintiff is not entitled to costs the defendant is.

The rule is that where a statute contains several provisions, one special and the other general, the latter will not be construed as including the former, but the special statute will be regarded as in the nature of an exception to the general one. City of Poughkeepsie v. Quintard, 136 N. Y. 275; Wormser v. Brown, 149 id. 170; People v. Industrial Benefit Assn., 92 Hun, 311. The special provisions of section 461 control here, for they were intended to regulate the question of costs in actions prosecuted *in forma pauperis;* and while the case does not fall within the strict letter of that section it comes within its obvious spirit and purpose, which is to protect poor persons from the burden of costs and disbursements in actions they are specially authorized to prosecute.

Section 461 is remedial in its nature, and should be construed liberally with a view to the beneficial ends proposed. Hudler v. Golden, 36 N. Y. 446.

In People ex rel. Wood v. Lacombe, 99 N. Y. 43, the court said: "A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter. It is the spirit and purpose of a statute which are to be regarded in its interpretation, and if these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even although such construction is contrary to the literal meaning of some provisions of the statute." See, also, Commonwealth v. Kimball, 24 Pick. 370; 35 Am. Dec. 326; 23 Am. & Eng. Ency. of Law, 319; Riggs v. Palmer, 115 N. Y. 506; United States v. Kirby, 7 Wall. 482; Endlich on St. L., § 245; Chase's Bl. (3d ed.), p. 27. In statutory exposition the reason, the spirit of the law, is above the mere cavil about words. Spencer v. State, 5 Ind. 41.

A liberal construction is that by which the letter of the statute is enlarged or restrained so as more effectually to accomplish the purpose intended. It is called also equitable construction. 23 Am. & Eng. Ency. of Law, 409. By an equitable construction a case not within the letter of a statute is sometimes holden to be within the meaning, because it is within the mischief for which a remedy is provided. The reason for such a construction is that the lawmaker could not set down every case in express terms. Bacon's Abr., tit. Statute (1), 6.

In law all cases cannot be foreseen or expressed. The object of interpreting laws by what is called equity is to supply, as far as possible, this deficiency by a recurrence to natural principles of justice. It is the same with cases excepted by reason and necessity out of the prescribed rules. Potter's Dwarris, 239; Somerset v. Dighton, 12 Mass. 383.

It cannot be possible that the legislature intended that if a plaintiff suing as a poor person was defeated in an action for negligence the defendant should have no costs, but if such plaintiff obtained a verdict therein for less than $50 he must pay costs. This is the construction the court below was obliged to place upon the Code provisions to sustain the order appealed from. We think they will permit of no such construction.

The order appealed from must be reversed, with costs, and the plaintiff permitted to enter judgment on the verdict for the amount thereof, without costs, except those taxable upon the appeals.

DALY, P. J., and BISCHOFF, J., concur.

Order reversed, with costs, and plaintiff permitted to enter judgment on verdict, without costs, except those taxable upon the appeals.