(26 Civ. Proc. R. 238; 19 Misc. Rep. 592.)

### WELTMAN v. POSENECKER.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

COSTS—RIGHT TO—ACTION IN FORMA PAUPERIS.

> Plaintiff, suing in forma pauperis, is entitled to costs, though the recovery was for less than $50, which, under Code Civ. Proc. § 3228, ordinarily would not carry costs; Code Civ. Proc. § 461, providing that a person permitted to sue in forma pauperis may prosecute without paying fees to any officer, and that if judgment is rendered against him, or his complaint dismissed, costs will not be awarded against him.

Appeal from city court of New York, general term.

Action by Rosa Weltman against Adolph Posenecker. From an affirmance of an order denying a motion to set aside the taxation of costs (42 N. Y. Supp. 699), plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

M. Strassman, for appellant.

John Fennel, for respondent.

McADAM, J. The plaintiff brought an action to recover damages alleged to have been caused by the negligence of the defendant, and obtained a verdict October 19, 1896, for $25. The action was brought pursuant to an order, duly made and entered, whereby she was allowed to prosecute in forma pauperis. Code, § 461. On October 20, 1896, the defendant served on the plaintiff's attorney a bill of costs and notice of taxation, returnable October 21st. On the last-named day the parties appeared before the clerk, and the plaintiff objected to the taxation on the ground, among others, that, as she was suing in forma pauperis, no costs could be taxed against her. The clerk overruled the objection, and taxed the defendant's costs at $68.87. The plaintiff thereupon made a motion in the nature of an appeal to set aside the taxation. The motion was denied, and, the general term having affirmed the order denying the motion, the plaintiff appeals to this court.

It is conceded that, but for the order allowing the plaintiff to sue in forma pauperis, the action of the clerk and of the court below was right, and the question is whether the fact that the plaintiff sues in forma pauperis changes the rule which otherwise obtains. The Code, § 461, provides that:

"A person so admitted, may prosecute his action, without paying fees to any officer; and he shall not be prevented from prosecuting the same, by reason of his being liable for the costs of a former action, brought by him against the same defendant. If judgment is rendered against him, or his complaint is dismissed, costs shall not be awarded against him."

The theory of the court below is that if a judgment had been rendered against the plaintiff, or her complaint had been dismissed, costs could not have been awarded against her, but because she got a verdict for $25, which does not carry costs (Code, § 3228), she is not entitled to the benefit of the special provisions of section 461, but comes within the general provision of section 3229, that where a plaintiff is not entitled to costs the defendant is.    The rule is that where a statute contains several provisions, one special and the other general, the latter will not be construed as including the former, but the special statute will be regarded as in the nature of an exception to the general one.    City of Poughkeepsie v. Quintard, 136 N. Y. 275, 32 N. E. 764; Wormser v. Brown, 149 N. Y. 170, 43 N. E. 524; People v. Association, 92 Hun, 311, 36 N. Y. Supp. 963.    The special provisions of section 461 control here, for they were intended to regulate the question of costs in actions prosecuted in forma pauperis; and, while the case does not fall within the strict letter of that section, it comes within its obvious spirit and purpose, which is to protect poor persons from the burden of costs and disbursements in actions they are specially authorized to prosecute.    Section 461 is remedial in its nature, and should be construed liberally, with a view to the beneficial ends proposed.    Hudler v. Golden, 36 N. Y. 446.    In People v. Lacombe, 99 N. Y. 43, 1 N. E. 599, the court said:

"A strict and literal interpretation is not always to be adhered to, and, where the case is brought within intention of the makers of the statute, it is within the statute, although by a technical construction it is not within its letter. It is the spirit and purpose of a statute which must be regarded in its interpretation, and, if these find fair expression in the statute, it should be construed as to carry out the legislative intent, even although such construction is contrary to the literal meaning of some provisions of the statute."

See, also, Com. v. Kimball, 24 Pick. 370; 23 Am. & Eng. Enc. Law, 319; Riggs v. Palmer, 115 N. Y. 506, 22 N. E. 188; U. S. v. Kirby, 7 Wall. 482; End. Interp. St. § 245; Chase, Bl. Comm. (3d Ed.) p. 27. In statutory exposition the reason, the spirit of the law, is above the mere cavil about words.    Spencer v. State, 5 Ind. 41.    A liberal construction is that by which the letter of the statute is enlarged or restrained so as more effectually to accomplish the purpose intended. It is called, also, "equitable construction."    23 Am. & Eng. Enc. Law, 409.    By an equitable construction a case not within the letter of a statute is sometimes held to be within the meaning, because it is within the mischief for which a remedy is provided.    The reason for such a construction is that the lawmaker could not set down every case in express terms.    Bac. Abr. tit. "Statute," 1, 6.    In law, all cases cannot be foreseen or expressed.    The object of interpreting laws by what is called "equity" is to supply as far as possible this deficiency by a recurrence to natural principles of justice.    It is the same with cases excepted by reason and necessity out of the prescribed rules. Potter, Dwar. St. 239; Somerset v. Dighton, 12 Mass. 383.    It can-

not be possible that the legislature intended that, if a plaintiff suing as a poor person was defeated in an action for negligence, the defendant should have no costs, but, if such plaintiff obtained a verdict therein for less than $50, he must pay costs. This is the construction the court below was obliged to place upon the Code provisions to sustain the order appealed from. We think they will permit of no such construction.

The order appealed from must be reversed, with costs, and the plaintiff permitted to enter judgment on the verdict for the amount thereof, without costs, except those taxable upon the appeals. All concur.