## SAMODWITZ v. KARPF.

(Supreme Court, Appellate Division, Second Department.    March 6, 1903.)

1. MUNICIPAL COURT—NEW YORK CITY—JURISDICTION.

    Laws 1902, c. 580, § 1, subd. 14, confers on the municipal court of the city of New York jurisdiction over actions 'for damages for an injury to personal property. Section 139 provides that no action shall 'be maintained in the municipal court which arises on a written contract of conditional sale of personal property, except an action to foreclose the lien. *Held*, that the general provision in section 1, subd. 14, is restricted by the excluding provision of section 139, and an action of the class, specified in the latter section, cannot be maintained, notwithstanding that it involves an injury to personal property.

Appeal from municipal court.

Action by Sigmund Samodwitz against Max Karpf. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

A. B. Schleimer, for appellant.

Louis Levene, for respondent.

JENKS, J. The satisfactory opinion of Lynch, J., renders extended discussion unnecessary. The learned counsel for the appellant insists that section 139 of the municipal court act (Laws 1902, c. 580), simply grants an additional remedy, and that, notwithstanding 'that section, he has an action upon the facts in this case for conversion perforce of section 1, subd. 14, of the act, because conversion is an injury to personal property. Undoubtedly, conversion is an injury to personal property, but so are actions arising upon a breach of a written contract for the conditional sale of personal property, or based upon the hiring of personal property, or arising upon a chattel mortgage. So that the effect of his argument is that, although the act in express terms withholds, or rather restricts, the jurisdiction of the municipal court in such cases, yet the general provision of subdivision 14, § 1, absolutely confers it. This action, as pointed out by the learned municipal court justice, plainly arises upon the breach of a written contract for the conditional sale of personal property, and the relative relief and liability of the plaintiff and defendant in that forum must be measured and limited by the express provisions of the act which creates the court, establishes its powers, and limits its jurisdiction. Of course, the entire statute is to be read and reconciled, and any general expression therein must be regarded as limited and qualified by the particular provisions of the statute. Wormser v. Brown, 149 N. Y. 163, 43 N. E. 524; People v. Industrial Benefit Assn., 92 Hun, 311, 36 N. Y. Supp. 963, affirmed 149 N. Y. 606, 44 N. E. 1127. We do not sit to review the wisdom of legislation, and any considerations as to the policy of an act or as to the injustice of the provisions, however cogent in the mind of counsel, must be addressed to the legislative, not to the judicial, branch of government.

The judgment should be affirmed, with costs. All concur.