GOODRICH, P. J., BARTLETT, JENKS and HOOKER, JJ., concurred.

Judgment affirmed, with costs.

---

SIGMUND SAMODWITZ, Appellant, v. MAX KARPF, Respondent.

*Jurisdiction of the New York Municipal Court — an action for conversion, based on a breach of a written contract for the conditional sale of personal property, will not lie.*

Section 139 of the act relating to the Municipal Court of the city of New York (Laws of 1902, chap. 580) which provides, "No action shall be maintained in this court, which arises on a written contract of conditional sale of personal property; a hiring of personal property, where title is not to vest in the person hiring until payment of a certain sum; or a chattel mortgage made to secure the purchase price of chattels; except, an action to foreclose the lien, as provided in this article," limits the jurisdiction of the court with respect to actions for a breach of a written contract for the conditional sale of personal property, and a party having such a cause of action cannot maintain an action in that court for the conversion of such property on the ground that the cause of action is for "an injury to property" within the meaning of subdivision 14 of section 1 of the act.

APPEAL by the plaintiff, Sigmund Samodwitz, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, entered upon the decision of the court dismisssing the complaint.

Subdivision 14 of section 1 of the act relating to the Municipal Court of the city of New York (Laws of 1902, chap. 580) gives to that court jurisdiction of an action for "an injury to property."

Section 139 of that act provides as follows: "No action shall be maintained in this court, which arises on a written contract of con-

ditional sale of personal property; a hiring of personal property, where title is not to vest in the person hiring until payment of a certain sum; or a chattel mortgage made to secure the purchase price of chattels; except, an action to foreclose the lien, as provided in this article. For the purpose of this section an instrument in writing as above stated shall be deemed a lien upon a chattel. Provided, however, that an action may be maintained to recover a sum or sums due and payable for instalment, payment or hiring, but in such cases no order of arrest shall issue."

*Abraham B. Schleimer*, for the appellant.

*Louis Levene*, for the respondent.

JENKS, J.:

The satisfactory opinion of LYNCH, J.,* renders extended discussion unnecessary. The learned counsel for the appellant insists that sec-

---

* The following is the opinion referred to:

LYNCH, J.:

This is an action of conversion. The defendant's counsel insists that an action in this form will not lie and cites section 139 of the Municipal Court Act as an authority for his contention. I am of the opinion this point is well taken. The section referred to distinctly provides that the plaintiff's remedy is "an action to foreclose the lien" as provided in that article (tit. 3, art. 4) and the character of the action brings it within the provisions of the article. The contract (Ex. "A") is clearly a "conditional sale" and the title remains in plaintiff until the full amount called for by the contract is paid. And even though it be regarded as a "hiring of personal property" the same conclusion is reached in so far as the form of action and the remedy to be obtained is concerned.

The plaintiff's counsel cites section 1, subdivision 14, of the Municipal Court Act as authority for the contention that the action of conversion is maintainable under that subdivision, but this contention is untenable. This is not an action to recover damages for an "injury to property" as contemplated by that subdivision.

The Municipal Court Act went into effect on September 1, 1902. The contract in this case was made on September 2, 1902, after the provisions of the act had become operative.

The summons was not issued until October 10 and the cause tried October 18, 1902.

Sections 139 and 140 of the Municipal Court Act are new provisions. (See commissioners' note under § 140; Collins Municipal Court, 116.)

The plaintiff's complaint must, therefore, be dismissed without prejudice to a new action.

tion 139 of the Municipal Court Act (Laws of 1902, chap. 580) simply grants an additional remedy, and that notwithstanding that section he has an action upon the facts in this case for conversion perforce of section 1, subdivision 14, of the act because conversion is an injury to personal property. Undoubtedly, conversion is an injury to personal property, but so are actions arising upon a breach of a written contract for the conditional sale of personal property, or based upon the hiring of personal property, or arising upon a chattel mortgage. So that the effect of his argument is that although the act in express terms withholds or rather restricts the jurisdiction of the Municipal Court in such cases, yet the general provision of subdivision 14, section 1, absolutely confers it. This action, as pointed out by the learned Municipal Court justice, plainly arises upon the breach of a written contract for the conditional sale of personal property, and the relative relief and liability of the plaintiff and defendant in that forum must be measured and limited by the express provisions of the act which creates the court, establishes its powers and limits its jurisdiction. Of course, the entire statute is to be read and reconciled, and any general expression therein must be regarded as limited and qualified by the particular provisions of the statute. ( *Wormser* v. *Brown,* 149 N. Y. 163 ; *People* v. *Industrial Benefit Assn.,* 92 Hun, 311 ; affd., 149 N. Y. 606.) We do not sit to review the wisdom of legislation, and, therefore, any considerations as to the policy of an act, or as to the injustice of the provisions, however cogent in the mind of counsel, must be addressed to the legislative, not to the judicial, branch of government.

The judgment should be affirmed, with costs.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment of the Municipal Court affirmed, with costs.