## BLOOMINGDALE v. WAITE et al.

(City Court of New York, Special Term.   March 13, 1908.)

Costs—Action Within Jurisdiction of Municipal Court.

    Plaintiff will not be denied a full bill of costs and disbursements in an action in the City Court of New York to recover possession of a piano or its value, the piano being the subject of a conditional bill of sale, on the ground that the action could have been brought in the Municipal Court; the latter court having no jurisdiction thereof under Municipal Court Act, Laws 1902, p. 1533, c. 580, § 139, providing that no action shall be maintained in such court arising on a conditional sale of personalty, except an action to foreclose the lien.

Action by Samuel J. Bloomingdale against William A. Waite and others.  Defendants move to review taxation of costs.  Motion denied.

C. Bertram Plante, for plaintiff.

Berry & Davis, for defendants.

FINELITE, J.   This is a motion to review taxation of costs.  The plaintiff brought an action in this court to recover possession of a piano, or its value, $200.   Said piano was the subject-matter of a conditional bill of sale.   Plaintiff recovered judgment for said relief and taxed a full bill of costs and disbursements, amounting to $89.01, which is objected to on the ground that this is an action which could have been brought in the Municipal Court.

Samodwitz v. Karft, 80 App. Div. 496, 80 N. Y. Supp. 704, was an action similar to the one at bar, wherein the court held that the plaintiff could not maintain an action upon a conditional bill of sale in the Municipal Court.   By referring to section 139 of the Municipal Court act (Laws 1902, p. 1533, c. 580), which is as follows: "No action shall be maintained in this court which arises on a written contract of conditional sale of personal property, a hiring of personal property, where title is not to rest in the person hiring until payment of a certain sum or a chattel mortgage made to secure the purchase price of chattels, except an action to foreclose the lien as provided in this article" it is seen that it limits the jurisdiction of that court with respect to actions for a breach of a written contract for the conditional sale of personal property, and a party having such a cause of action cannot maintain an action in that court for the conversion of such property on the ground that the cause of action is for "an injury to property" within the meaning of subdivision 14 of section 1 of the act.   The action, therefore, is one which could not have been brought in the Municipal Court of the city of New York, and plaintiff as a result is entitled to a full bill of costs and disbursements.

Motion to review taxation denied, without costs.