GRAY v. HAVILAND.

(Supreme Court, Appellate Division, Second Department. July 1, 1899.)

MUTUAL ACCIDENT ASSOCIATIONS—ASSESSMENTS—COLLECTION BY RECEIVERS.
     A receiver of a mutual accident association may maintain an action for an assessment on a member, made for liabilities under the by-laws, which he agreed to observe in his application for membership.

Action by Henry Winthrop Gray, as receiver of the United States Mutual Accident Association of the City of New York, against Edgar F. Haviland. The controversy was submitted on an agreed statement of facts. Judgment for plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles F. Brown, for plaintiff.
James A. Douglas, for defendant.

PER CURIAM. From February 5, 1883, to October 15, 1894, the defendant was a member of the association of which the plaintiff is now the receiver. An assessment for liabilities was duly made, and levied upon him on September 8, 1894, which he failed to pay, in consequence of which failure his membership ceased on the 15th day of the following month. The present controversy is submitted to the court to settle the question whether a member of the association is liable to the receiver for the payment of an assessment duly made upon him by the association while he was still actually a member thereof. The case thus differs radically from Gray v. Daly, 40 App. Div. 42, 57 N. Y. Supp. 527, in which this court reached the conclusion that a member who had paid all premiums and assessments levied upon him up to the time of his resignation was not subject to an assessment made by the receiver of the association after the termination of his membership. As to the question, however, whether, in the absence of an express agreement, an action would lie against the members of a benefit association to recover the amount of assessments levied upon them while they continued to be members, Mr. Justice Cullen pointed out that the weight of authority in this state is in favor of the proposition that such an action is maintainable. It is unnecessary to reconsider the cases there cited on this subject. They suffice, we think, to sustain the plaintiff's position in the present controversy, and require us to direct judgment in his favor. We may add that the liability of the defendant in the present case seems clearly contemplated by his express agreement in his application for membership to comply with all the requirements of the by-laws of the association, and by the various provisions in the by-laws concerning the levying and collection of assessments, which provisions he thus bound himself to observe upon entering into the association, and which are in no wise assailed as being unreasonable.

There must be judgment for the plaintiff upon the agreed statement of facts.