RUSSELL et al. v. O'DONOGHUE.

(Circuit Court, S. D. New York.    March 30, 1910.)

1. INSURANCE (§ 709*)—MUTUAL BENEFIT SOCIETIES—INSOLVENCY—ASSESSMENTS—PERSONAL LIABILITY.

Where a mutual benefit certificate contained no express promise on the part of the insured to pay assessments, the member would not be compelled to perform an implied promise to pay assessments, levied while the insurance company was insolvent, for failure of consideration.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1846; Dec. Dig. § 709.*]

2. INSURANCE (§ 709*)—MUTUAL BENEFIT SOCIETIES—ASSESSMENTS—PERSONAL LIABILITY.

Where mutual benefit certificates provided that the contract was a bimonthly term insurance, renewable at the option of the member before expiration, on payment of mortuary premiums and dues, as provided, and that no personal liability was incurred by becoming insured in the asso-

ciation, holders of such certificates were not liable personally for assessments.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1846; Dec. Dig. § 709.*]

3. INSURANCE (§ 709*)—MUTUAL BENEFIT SOCIETIES—STATUTES—ASSESSMENTS.

New York Laws 1892, c. 690, § 210, requires every life or casualty insurance company doing business on the assessment plan to specify in its certificates the amount to be paid, and section 207 authorizes the superintendent of insurance to apply to the Supreme Court for an order to show cause why such an association should not be restrained from doing business if the matured claims exceed its assets or assessments made or in process of collection. *Held*, that such sections do not affect the contract made between such an association and its certificate holders, but simply provide a method of determining when proceedings may be instituted to wind up such associations, and do not, therefore, impose on holders of certificates a personal liability to pay assessments levied.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1846; Dec. Dig. § 709.*]

Actions by Russell and another, receivers of the Mutual Reserve Life Insurance Company, against one O'Donoghue, against one Gallert, against one Dempsey, and against one Ritchie. On demurrers to the complaint. Sustained.

Robert Van Iderstine and Miles M. Dawson, for plaintiffs
Norman B. Beecher, for defendant.

WARD, Circuit Judge. These are demurrers to the complaints in four actions at law brought by the receivers of the Mutual Reserve Life Insurance Company for the purpose of determining whether the certificate holders are personally liable for assessments. The four certificates in question represent four different classes of insured, and the cases are test cases. December 16, 1907, the directors of the company, it then being in point of fact insolvent, adopted a resolution levying an assessment on all holders of its certificates subject to assessment, payable within 30 days from January 1, 1908. The company was put into the hands of receivers February 15, 1908. The defendants were members in good standing at the time they were assessed, and admit that their failure to pay terminates their membership, but they say that this is the only consequence; they not being personally liable to pay the assessment.

The certificate of the defendant O'Donoghue was issued February 6, 1883, and it was agreed therein that the company would upon his death pay $5,000 from the death fund or the next assessment or from the reserve fund, and not otherwise, and that the certificate was to become null and void upon his failure to make any required payment. It contained no express promise upon his part to pay assessments, but the plaintiffs contend that one must be implied. The Appellate Division of the Second Department of the Supreme Court of New York has so held in the case of Gray v. Daly, 40 App. Div. 41, 57 N. Y. Supp. 527. The question has never been decided by the Court of Appeals of New York. The contract of the certificate holder is with the company, and is in consideration of actual bona fide continuing insurance. If the company is insolvent when an assessment is levied, this

consideration fails, and it would seem to be unfair to require a member to pay for something he is not getting. This view is forcibly expressed by Judge Blodgett in Re Protection Life Insurance Co., 9 Biss. 188, 196, Fed. Cas. No. 11,444, and his remarks are cited with approval in the Matter of Equitable Reserve Fund Life Association, 131 N. Y. 354, 377, 30 N. E. 114. I am of opinion that a promise to pay may be implied in the case of O'Donoghue, but think that he is excused from paying because of the insolvency of the company.

The cases of the other defendants are clearer. Gallert's certificate was issued January 9, 1891, and contained this provision:

"2. No personal liability is incurred by becoming a member of this association. The contract is a bimonthly term insurance, renewable at the option of the member before expiration, upon payment of mortuary premiums and dues at the times and in the manner herein provided."

And upon the back of the certificate is printed:

"This policy expressly provides that no personal liability shall be incurred by becoming a member of this association. Payments are at the option of the member to continue only so long as the member may desire to keep his policy in force."

And the application contained the following:

"Conditions upon which this application is made are that no personal liability of the applicant shall be incurred by becoming a member of the association. Payments by the member are voluntary, at the option of the member to continue them so long as the member may desire to keep the said certificate or policy in force."

Dempsey's certificate was issued January 21, 1893, and it as well as the application contained the same provisions as Gallert's.

Ritchie's certificate was issued February 1, 1901, and called for a fixed annual premium, without any liability for assessments at all. It contained the following provision:

"2. No personal liability is incurred by becoming insured in this association."

As the contract between the certificate holder and the company is to be ascertained from the application, the certificate, and the by-laws (People v. Grand Lodge, 156 N. Y. 533, 537, 51 N. E. 299), it seems to me quite plain that the defendants Gallert, Dempsey, and Ritchie are not liable for the assessment.

The plaintiffs, however, contend that, because section 210, c. 690, Laws 1892, before which date the certificates of O'Donoghue and Gallert were issued, require every life or casualty insurance company doing business on the assessment plan to specify in its certificates the amount to be paid, and because section 207 authorizes the superintendent of insurance to apply to the Supreme Court for an order to show cause why such an association should not be restrained from doing business if the matured claims exceed its assets and assessments made or in process of collection, certificate holders are required by law to pay assessments; otherwise they say the provisions of section 210 cannot be carried out. But I think these provisions do not affect the contract made between the certificate holder and the association, and are merely intended to provide a method of determining when proceedings may be instituted to wind up such associations. In view

of the obvious purposes of the insurance law, the Attorney General might well advise the superintendent of insurance to withhold his approval of such certificates as these defendants held; but it does not follow that they can be construed by the court to be other than their terms make them.

Another ground of demurrer is that the assessment was at higher rates than those fixed in the certificates of O'Donoghue, Gallert, and Dempsey. A stipulation has been made of this fact. This is sought to be justified by provisions of the by-laws giving the directors authority, either expressly or impliedly, to fix rates of assessments. The certificate holders having agreed to be bound by the by-laws, it is argued that they are bound by assessments so fixed. But the Court of Appeals of New York has lately held that such by-laws do not authorize the directors to alter any material provision of a contract theretofore made. Wright v. Knights of Maccabees, 196 N. Y. 391, 89 N. E. 1078, and Dowdall v. Catholic Mut. Benefit Ass'n, 196 N. Y. 405, 89 N. E. 1075. No estoppel arises from the fact that the defendants had on previous occasions paid assessments levied at rates higher than those provided for in their certificates. The demurrers are sustained, with costs.